FILED
TARRANT COUNTY
3/4/2021 10:36 AM
THOMAS A. WILDER
DISTRICT CLERK

Cause No. 352-323788-21

| | | |
|---|---|---|
| EDWARD ONDREJ | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| GAVILON GRAIN, LLC | § | ___ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED DISCOVERY**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, EDWARD ONDREJ, Plaintiff and complains of GAVILON GRAIN, LLC, Defendant, and for cause of action would show the Court as follows:

## I.
## DISCOVERY CONTROL PLAN LEVEL

1.1   Plaintiff intends to conduct discovery under Rule 190.4 of the Texas Rules of Civil Procedure, Level 3.

## II.
## PARTIES

2.1   Plaintiff EDWARD ONDREJ is an individual and a resident of Tarrant County, Texas.

2.2   Defendant GAVILON GRAIN, LLC, (hereinafter referred to as Defendant) is a Foreign Limited Liability Company (LLC)) with its principal place of business located at One Conagra Drive, 1-237, Omaha, NE 68102-5001, and/or 425 South Fairmount, Saginaw, Tarrant County, Texas 76179. Defendant may be served with process by serving its registered agent for service: Capitol Corporate Services, Inc., at 206 E. 9th St., Suite 1300, Austin, Texas 78701.

## III.
## VENUE AND JURISDICTION

3.1     Venue is proper in Tarrant County, Texas, because the events giving rise to this cause of action occurred in Tarrant County.

3.2     This Court has jurisdiction over Defendant, because said Defendant purposely availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas, and has ongoing, systematic contacts with Texas; and the Defendant operated its business in the state of Texas at which place Plaintiff was providing electrician services for Defendant when he was injured.

3.3     This Court has jurisdiction over Defendant because Defendant maintains a principal place of business located at 425 South Fairmount, Saginaw, Tarrant County, Texas 76179.

## IV.
## FACTS

4.1     On or about May 28, 2019, Plaintiff sustained serious bodily injuries and other damages at the Defendant's location in Saginaw, Tarrant County, Texas. At all times pertinent to this cause Plaintiff was an employee of Triple AAA Electrical and providing work and services for Defendant.

4.2     The incident at issue occurred as Plaintiff was on a fixed ladder attached to a wall, when he fell from said ladder to the hard floor approximately 10 feet or more below sustaining serious bodily injury. The ladder at issue lacked reasonable and necessary safety features that if present, would have prevented the fall and injury in question.

4.3     The incident at issue and Plaintiff's resulting injuries and damages were proximately caused by the negligence of Defendant and their agents and employees.

## V.
## INVITEE STATUS

5.1     At all times pertinent hereto, Plaintiff was on the premises for the mutual benefit of himself and Defendant. Therefore, at all times relevant to this suit, Plaintiff was a business invitee on the premises at issue.

## VI.
## CAUSES OF ACTION

6.1     Defendant, by and through its agents, employees and/or representatives, is guilty of negligent acts and omissions that proximately caused the accident at issue and the injuries and damages suffered by Plaintiff. These negligent acts and omissions include:

a. Terminating the top of the ladder at an unsafe distance below the roof Access point;

b. Locating the top rung of the ladder at an unsafe distance from the roof access point;

c. Mounting the ladder in such a way that the rungs were hazardously close to the wall, resulting in inadequate space for the feet;

d. Hazard created by spacing rungs to far apart;

e. Providing a hazardously designed ladder to access the roof;

f. Failing to provide adequate rungs and/or any other devise to hold onto as the climber approaches the roof;

g. Failing to provide a metal cage or other preventative protection around ladder;

h. Failing to provide grab bars;

i. Failing to provide a safe place to work;

j. Creating a dangerous condition on the premises at issue;

k. Allowing a dangerous condition to exist on the premises at issue;

    l.      Failing to guard Plaintiff or others in the Plaintiff's position from the unreasonably dangerous condition;

    m.    Failing to correct the dangerous condition;

    n.     Failing to reasonably maintain the premises at issue;

    o.     Failing to reasonably inspect the premises at issue;

    p.     Failing to act as a reasonable premises' owners or occupiers;

    q.     Failing to warn Plaintiff of the dangerous condition;

    r.      Failing to eliminate the dangerous condition;

    s.      Engaging in negligent activities that proximately caused the incident at issue and the injuries and damages suffered by Plaintiff;

    t.      Violating OSHA standards and requirements for "Fixed Ladder" use, as set forth in ***29 CFR § 1917.118(d)(6); 29 CFR § 1917.118(d)(4); 29 CFR § 1917.118(d)(2)(i).***

Each of the aforementioned acts and omissions of Defendant, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

## VII.
## NEGLIGENCE PER SE

**The following OSHA requirements and law apply to fixed ladders pursuant to 29 CFR § 1917.118.**

    7.1    ***29 CFR § 1917.118(b)(2) "Fixed ladder" means a ladder including individual rung ladders firmly attached to a struct, building or piece of equipment.***

    7.2    Defendant's acts and omissions constitute negligence per se as Defendant have violated ***29 CFR § 1917.118(d)(6) the side rails of ladders shall extend at least 36 inches (0.91m) above the top landing surface, unless grab bars or equivalent holds are provided.***

7.3   ***29 CFR § 1917.118(d)(4) the minimum distance between the rung center line and the nearest permanent object behind the rung shall be 4 inches (10.16cm), except that in ladders installed after October 3, 1983, the minimum distance shall be 7 inches (17.78cm) unless physical limitation make a lesser distance, not less than 4 ½ inches (11.43cm), necessary.***

7.4   ***29 CFR § 1917.118(d)(2)(i) ladders installed before October 3, 1983, shall have rungs evenly spaced from 9 to 16 ½ (22.9 to 41.9cm) apart, center to center.***

Defendant violated the statutory OSHA requirements and law set forth in paragraphs 7.2, 7.3 and 7.4 above. Said statutory violations of the OSHA law constitute Negligence Per Se and were both a producing cause and a proximate cause of Plaintiff's injuries and damages.

## VIII.
## DAMAGES

8.1   As a proximate result of Defendant's negligent acts and omissions, Plaintiff suffered injuries and damages, including:

a. Serious bodily injuries, including injuries to his left wrist, left arm, left hand, right hand, back, ribs, head, and body generally;

b. Physical pain, past and future;

c. Mental anguish, including anxiety, past and future;

d. Expenses for reasonable and necessary medical care, past and future;

e. Loss of physical capacity, past and future;

f. Loss of earning capacity, past and future;

g. Loss of physical impairment, past and future;

      h.      Lost wages, past and future;

      i.      Disfigurement, past and future; and

      j.      Other damages.

By reason of the above and foregoing, Plaintiff has been damaged in a sum in excess of the minimum jurisdictional limits of this Court.

## IX.
## GROSS NEGLIGENCE AND EXEMPLARY DAMAGES

9.1    One or more of the aforementioned negligent acts and omissions and the negligence per se acts and omissions of Defendant amount to gross negligence in that said acts and omissions exhibit a conscious indifference for the safety and welfare of Plaintiff and others in Plaintiff's respective position. Said gross negligence was both a producing and proximate cause of Plaintiff's injuries and damages. For said gross negligence, Plaintiff hereby sues for an award of exemplary damages.

## X.
## RELIEF SOUGHT

10.1    As required by Rule 47(b), Texas Rules of Civil Procedure, the damages sought by Plaintiff are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff seeks monetary relief in excess of $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XI.
## NOTICE OF DISCOVERY

11.1    Please note that Plaintiff has attached discovery as the following exhibits to this petition and has served them upon the Defendant:

Exhibit A     Plaintiff's Request for Disclosure to Defendant; and

Exhibit B     Plaintiff's First Request for Production to Defendant.

If you claim that you did not receive said discovery, contact the undersigned attorney immediately to receive an additional copy.

## XII.
## NOTICE OF INTENT TO USE DOCUMENTS

12.1   Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby notifies Defendants of her intent to use any and/or all of the documents produced by Defendants in this Cause during the trial or any summary judgment hearing of this Cause.

## XIII.
## PRAYER

13.1   WHEREFORE, premises considered, Plaintiff requests that Defendants be cited to appear and answer, and that on final trial Plaintiff have:

a.   Judgment against Defendant, for damages in an amount in excess of the minimum jurisdictional limits of the Court;

b.   Judgment against Defendant for exemplary damages in an amount in excess of the minimum jurisdictional limits of the Court;

c.   Prejudgment and postjudgment interests as provided by law;

d.   Costs of suit; and

e.   Such other and further relief to which Plaintiff may be entitled in law or in equity.

Respectfully submitted,

_____
JAMES M. STANLEY
Texas State Bar No. 19045500

Law Office of James M. Stanley
2200 Hemphill Street
Fort Worth, Texas 76110
Phone:	817-335-7140
Fax:	817-921-9740
Email:	jstanley@law-jms.com

ATTORNEY FOR PLAINTIFF

Cause No. _____

| | | |
|---|---|---|
| EDWARD ONDREJ | § § | IN THE DISTRICT COURT |
| VS. | § § | TARRANT COUNTY, TEXAS |
| GAVILON GRAIN, LLC | § | ___ JUDICIAL DISTRICT |

### PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT

TO:   Defendant GAVILON GRAIN, LLC

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within 50 days of service of this request, the information or material described in rules 194.2(a)-(l) and 190.2(b)(6).

Respectfully submitted,

_____
JAMES M. STANLEY
Texas State Bar No. 19045500

LAW OFFICE OF JAMES M. STANLEY
2200 Hemphill Street
Fort Worth, Texas 76110
Phone:        817-335-7140
Fax:            817-921-9740
Email:         jstanley@law-jms.com

ATTORNEY FOR PLAINTIFF



Exhibit A

Cause No. _____

| | | |
|---|---|---|
| EDWARD ONDREJ | § § | IN THE DISTRICT COURT |
| VS. | § § | TARRANT COUNTY, TEXAS |
| GAVILON GRAIN, LLC | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT

TO:   Defendant GAVILON GRAIN, LLC

Plaintiff serves this request for production on Defendant, as allowed by Texas Rule of Civil Procedure 196. Defendant must produce all requested documents (as they are kept in the ordinary course of business or organized and labeled to correspond with categories in each request) for inspection and copying, not more than fifty (50) days after service, at the LAW OFFICES OF JAMES M. STANLEY, 2200 Hemphill Street, Fort Worth, Texas 76110.

Respectfully submitted,

_____
JAMES M. STANLEY
Texas State Bar No. 19045500

LAW OFFICE OF JAMES M. STANLEY
2200 Hemphill Street
Fort Worth, Texas 76110
Phone:      817-335-7140
Fax:           817-921-9740
Email:       jstanley@law-jms.com

ATTORNEY FOR PLAINTIFF



Exhibit B

## **Definitions and Instructions**

Please be advised that under Rule 192.7 that possession, custody or control of a requested item includes constructive possession such that the person or party need not have actual physical possession. As long as the person or part to whom this Request is directed has superior right to compel production from a third party or person (including an agency, authority or representative) the person or party to whom this Request is directed has possession, custody, or control. <u>You are reminded to organize the requested items and label them to correspond with the categories in the requested items and label them to correspond with the categories in the request pursuant to Rule 196.3 (c).</u>

Rule 193.5 also requires reasonable supplementation to your Response to Request for Production. Plaintiffs have substantial need of the materials being sought, as they are unable without undue hardship to obtain the substantial equivalent of the materials by other means. An objection to any request shall be deemed a refusal to agree for purposes of satisfying any requirement for a pre-motion or pre-hearing conference under any applicable local rules, unless otherwise noted in your response.

<u>Definition</u>. In addition to printed documents, the requested items also refer to any computer printout; computer tape, computer program; computer software; computer disk or diskette; and any and every other computerized. magnetic, or electronic matter of any kind whatsoever under TRCP 196.4. Additionally, "document" includes any electronically stored information. including, but not limited to, emails.

These documents and materials are being requested under TRCP 196 and include production of materials capable of being produced under TRCP 196.4. Please produce the computerized information requested on a disk which can be read under Microsoft Word or allow Plaintiffs access to the computer which contains the requested information.

1. "Plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and where applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2. You" or "your" means Defendant **"GAVILON GRAIN, LLC" means the business doing business at 425 South Fairmount, Saginaw, Tarrant County, Texas 76179**, its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries.

3. "Document(s)" means all written, typed, or printed matter and all-digital, computerized, magnetic or other records or documentation of any kind or description (including, without limitation, letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records, or notations of telephone or personal conversations, conferences, inter-office communications, E-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you.

4. "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in computer files, folders, notebooks, or other devices for separating or organizing documents.

5. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

6. "Relating to" and "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the interrogatory.

7. "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

8. "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

9. "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

10. "Describe" or "identify," when referring to a person, means you must state the following:

    a. The full name;
    b. The present or last known residential address;
    c. The present or last known residential and office telephone numbers;
    d. The occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory; and
    e. In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory, and the officer who is responsible for supervising that officer or employee.

11. "Describe" or "identify," when referring to a document, means you must state the following:

    a. The nature (e.g., letter. handwritten note) of the document;
    b. The title or heading that appears on the document;
    c. The date of the document and the date or each addendum, supplement. or other addition or change;
    d. The identity of the author and of the signer of the document, and or the person on whose behalf or at whose request or direction the document was prepared or delivered; and
    e. The present location of the document and the name, address, position or title, and telephone number of the person or persons having custody of the document.

12. The word "and" means "and/or."

13. The word "or" means "or/and."

14. "Accident," "incident," refers to the incident pleaded in Plaintiff's petition(s).

15. "Ladder at issue" refers to the ladder from which Plaintiff is alleged to have fallen.

# **REQUEST FOR PRODUCTION**

In accordance with Tex. R. Civ. P. 196, please produce the following:

1. Any and all photographs, videotapes, security surveillance tapes, or other depictive media that you have of the scene of the incident.

2. Any and all photographs, videotapes, security surveillance tapes, or other depictive media that you have of the Plaintiff's injuries resulting from the incident.

3. Any and all drawings, maps, sketches, blueprints, contractor's documents and construction documents of the scene of the incident which has been made the basis of this lawsuit.

4. Any and all investigative and/or incident reports created as result of the incident made the basis of this suit.

5. Any and all documents pertaining to the policies and procedures used by you to clean, maintain, repair and make safe the premises and the scene of the incident including, but not limited to, training videos, pamphlets, employee handbooks, memos, letters, etc.

6. Any and all accident reports or investigative reports created as a result of other incidents of a substantially similar nature to Plaintiff's alleged fall, occurring within the past five years.

7. A list of each employee on duty at the premises at the time of the incident in question.

8. For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents and tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of a testifying expert's testimony.

9. Photographs, diagrams, drawings, models, and other physical evidence which you or your representatives have preserved or produced which relate to this occurrence.

10. All videotapes, movies, films, motion pictures and day-in-the-life films, edited and unedited, taken of Plaintiff(s), by anyone, including, but not limited to, Defendant's insurance company, agents, servants, representatives, or employees, and/or Defendant's counsel, agents, servants, representatives or employees.

11. Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing a conviction of crime which you intend to use as evidence to impeach Plaintiff or any witnesses.

12. Copies of any and all documents obtained by this Defendant by virtue of a deposition by written questions.

13. Copies of any and all documents reflecting any indemnity and insuring agreements providing excess or umbrella insurance coverage.

14. Copies of any insurance claim file that relate to the incident made the basis of this suit generated prior to the time that defendant was served with the lawsuit. This request includes both files relating to bodily injury claims and property damage claims and any notes, handwritten or electronic, of conversations with any witnesses including the plaintiff and defendant.

15. If you refuse to produce the information requested in the Request for Production above, then produce any and all correspondence, memoranda, statements, tape recordings, transcripts of tape recordings, investigation reports, close-out reports, wire reports, summaries or other documents, as well as any other tangible things, that you contend showed an outward manifestation that would indicate that there was a substantial chance that litigation would ensue.

16. Copies of any and all documents pertaining to any inspections performed on the property in question for the two years prior to the incident in question.

17. Any video or photographs depicting the incident at issue.

18. Any documents, including service agreements, receipts, estimates, and contracts, between Defendant and any other person, other than Defendant's attorney, but including Defendant's insurance company and its agents, servants, representatives, and employees, evidencing any modifications, repairs and/or contemplated modifications to the area in which the incident at issue occurred.

19. Copies of any contracts in effect on the date of the incident at issue whereby you contracted for another person or entity to manage and/or maintain the premises at issue.

20. Copies of any investigations regarding the incident at issue.

21. Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, repair, and service of the premises in question.

22. Any and all building codes, municipal ordinances, state or federal laws, treatises and/or authoritative literature upon which any testifying expert retained by Defendant relies.

23. Any and all state, federal, and local laws and statutes, building codes, municipal ordinances, treatises and/or authoritative literature upon which any "consulting expert" retained by Defendant relies. "Consulting expert" as used herein refers to any expert whose work has been reviewed or relied upon by any testifying expert retained by Defendant.

24. Any and all building codes, municipal ordinances, state or federal laws, treatises and/or authoritative literature upon which Defendant relies.

25. Any and all building codes, municipal ordinances, state or federal laws, treatises and/or authoritative literature upon which any testifying expert retained by Defendant relies.

26. Documents in effect on the date of the incident at issue, such as handbooks, policy manuals, and training manuals that instruct employees on the inspection of the premises at issue.

27. All materials including, but not limited to, employee manuals, memoranda, and correspondence, pertaining to safety rules and/or regulations to be followed by the employees to ensure safety on Defendant's premises.

28. Any video or photographs of the incident at issue.

29. Any video or photographs of Plaintiff, any witnesses, or any person who was present when the incident at issue occurred.

30. Any video or photographs of the premises at issue that were taken at any time on the date of the incident at issue.

31. Any video or photographs relevant to the incident at issue.

32. Copies of any and all policies or other documents related to the storage or safekeeping of video captured by any camera in stores owned or operated by you.

33. Any and all documents or materials pertaining to the installation of the ladder at issue.

34. Any and all documents and materials regarding repairs recommended for and/or made to the ladder at issue.

35. Any and all documents and materials recommending maintenance to be performed on the ladder at issue.

36. Any and all documents and materials recommending modification of the ladder at issue.

37. Any and all documents and materials recommending removal of the ladder at issue.

38. Any and all documents and materials recommending replacement of the ladder at issue.

39. Any and all documents and materials from any source which points out, refers to and/or describes defects and/or deficiencies in the ladder at issue.

40. Any and all documents and materials from any source which points out or describes any safety concerns regarding the ladder at issue.

41. Any and all documents and materials regarding safety inspections and/or insurance inspections or audits, which refer to, points out, or addresses the ladder at issue.

42. Any and all documents and materials regarding persons who fell or alleged to have fallen from the ladder at issue.

43. Any and all documents and materials regarding complaints about the ladder at issue.